UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUSTIN MYKAL TENNELL DAVIS,

Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION, *et al.*,

Defendants.
_____________________________/

Case No. 4:26-cv-13546

F. Kay Behm
United States District Judge

**ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT**

## I. PROCEDURAL HISTORY

Plaintiff Austin Mykal Tennell Davis filed this action on September 15, 2026, against Defendants Social Security Administration, JP Morgan Chase, and Department of Treasury. ECF No. 1. He also filed an application to proceed without prepaying fees or costs. ECF No. 2. The Court finds the application to proceed without prepaying fees or costs facially sufficient and **GRANTS** the application. For the reasons explained below, however, the complaint will be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, and for lack of subject matter jurisdiction.

## II. LEGAL STANDARD

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court must dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid

of 'further factual enhancement.'" *Id*. at 678. "Conclusory allegations are not entitled to the assumption of truth." *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025). Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## III. ANALYSIS

In his complaint, Plaintiff alleges that between September 15 and September 22, 2025, his Chase Bank account erroneously reflected a deposit spike of $45,683.30, "which was immediately corrected by a withdrawal and returned item of 18,822.40 within the same statement period leaving an unadjusted ending balance error of $26,860.90," but the Social Security Administration flagged this as countable resources and issued a wrongful overpayment notice on October 22, 2025. ECF No. 1, PageID.5. Plaintiff claims that this violated the Federal Tort Claims Act (FTCA). *Id*.

Although sovereign immunity generally shields the United States from being sued directly, the FTCA waives that immunity for certain tort claims. *Zappone v. United States*, 870 F.3d 551, 555 (6th Cir. 2017) (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999)). Specifically, a

plaintiff may sue the federal government "for personal injury or property damage 'caused by the negligent or wrongful act or omission' of government employees acting within the scope of their employment." *Id.* (citations omitted). But "[t]he FTCA does not create a cause of action against the United States." *Myers v. United States*, 17 F.3d 890, 894 (6th Cir. 1994) (citation omitted). Instead, "it constitutes consent to suit and is fundamentally limited to cases in which a private individual would be liable under like circumstances." *Id.* (quoting 28 U.S.C. § 2674).

Here, it does not appear that Plaintiff actually states in his complaint the claim he is bringing under the FTCA, and the FTCA itself does not create a cause of action. Further, "[t]he United States is the only proper party in an action pursuant to the Federal Tort Claims Act." *Mars v. Hanberry*, 752 F.2d 254, 255 (6th Cir. 1985) (citations omitted). "[A] federal agency cannot be sued under the FTCA." *Chomic v. United States*, 377 F.3d 607, 608 (6th Cir. 2004). As Plaintiff does not name the United States as a defendant and only names the Social Security Administration and the Department of Treasury, there is "a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990); *see also Wilburn v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 771 F. Supp. 3d 950, 961 (E.D. Mich. 2025) ("Accordingly, the

Court currently lacks subject matter jurisdiction over any FTCA claims against ATF or its Director."). As such, Plaintiff's complaint must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's complaint is summarily **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, and for lack of subject matter jurisdiction.

**SO ORDERED.**

Date: September 30, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge